## 41328. BROOKS v. FREEPORT KAOLIN COMPANY et al.

(324 SE2d 170)

MARSHALL, Presiding Justice.

This is a complaint by a landowner against, among other parties, the holder of a lease to mine kaolin and bauxite on the plaintiff's property. The plaintiff's property consists of approximately 100 acres and is located in Wilkinson County. The trial court granted the defendants a partial summary judgment. On appeal, the plaintiff has therefore become the appellant, and the defendants are the appellees. For reasons which follow, we affirm in part and reverse in part.

### I. *Statement of the Relevant Facts*

The subject mineral lease was originally executed in 1947 for a 25-year period. The plaintiff was the lessor, and defendant P. W. Martin Gordon Clay, Inc. (referred to hereinafter as Martin) was the lessee. John W. M. Scott negotiated the lease on behalf of Martin. The lease contained an option on the part of the lessee to extend the lease for an additional five years. Under the terms of the lease, the plaintiff was to receive a royalty of 20 cents per ton for kaolin (or bauxite) actually removed, with a minimum royalty of $1 per acre or $100 per year. Under this agreement, the plaintiff was to be paid $1,500 when mining operations on his property, or on adjacent property, necessitated removal of a pond or earth dam on the plaintiff's property. The plaintiff alleges that Scott represented that mining would begin on the plaintiff's property within seven years. Scott denies this.

In 1952, an amendment to the 1947 lease was entered into between the plaintiff and Southern Clays (as successors-in-interest to Martin). Under the 1952 amended agreement, Southern Clays was given the right to a 20-year extension of the 1947 agreement. The plaintiff was paid either $1,000 or $1,500 for the extension. The plaintiff contends that at the time of the 1952 amendment, Scott represented that mining on the plaintiff's property would begin within two years. Again, Scott denies this. The present assignee of the lease is defendant Freeport Kaolin Company.

This complaint was filed in 1982. In it, the plaintiff complains of fraud and misrepresentation on the part of Freeport and its predecessors that kaolin on the property would be mined, whereas it has not been and whereas Scott and Southern Clays knew as early as 1952 that they would not be mining the plaintiff's property for some 25 years. The plaintiff also alleges that mining operations conducted by the defendants on adjacent property have damaged his property, and that mining methods currently employed by Freeport make it difficult, if not impossible, to separate kaolin from sand and dirt being

mined. In 1972 or 1973, the plaintiff notified Freeport that he was treating the contract as being void, and he has refused to accept any subsequent payments tendered by Freeport.

## II. *Superior Court's Rulings*

1. The superior court ruled that the plaintiff's claim for fraud in the inducement of the contract is barred by the four-year statute of limitation of OCGA § 9-3-31.

2. It was also held that the plaintiff's claim for trespass upon or damages to his realty is barred in part by the four-year statute of limitation of OCGA § 9-3-30. In this regard, the trial court ruled that all claims for damages to realty occurring "prior to 1976 and up through 1980" are barred by the statute of limitation. As to these claims, the defendants' motion for summary judgment was granted. As to claimed damages to realty occurring "after 1980," the defendants' motion for summary judgment was denied.

3. The superior court ruled that the plaintiff's claim for punitive damages is barred for the same time periods as the claim for trespass upon or damages to realty. Therefore, the defendants' motion for summary judgment on this issue was granted in part and denied in part also.

4. Looking to the language of the parties' agreement, and *Higginbottom v. Thiele Kaolin Co.*, 251 Ga. 148 (304 SE2d 365) (1983), the superior court granted the defendants' motion for summary judgment on the question of whether the defendants were under an implied duty to mine the plaintiff's property.

5. In addition, the superior court ruled that the defendants, having never mined the plaintiff's property, cannot be in breach of contract for the mining methods they are currently employing on other properties.

6. Finally, the superior court granted two of the defendants' motions for summary judgment, on the ground that they had committed no acts in their individual, as opposed to corporate, capacities. And, a motion of the defendants to stay discovery pending consideration of the motions for summary judgment was granted.

## III. *Holdings on Appeal*

1. We agree that the plaintiff's claim for fraud in the inducement of the contract is barred by the four-year statute of limitation of OCGA § 9-3-31. Cases such as *Sears, Roebuck & Co. v. Green*, 142 Ga. App. 770 (237 SE2d 10) (1977) and *Shipman v. Horizon Corp.*, 245 Ga. 808 (267 SE2d 244) (1980) support this ruling. As held in *Shipman*, the statute of limitations as to actual fraud is tolled until the fraud is discovered or reasonable diligence should have been discov-

ered; as to constructive fraud, mere silence does not toll the statute of limitation by debarring the plaintiff from bringing his action.

Here, the plaintiff's claim is for actual fraud, and the evidence fully supports the superior court's ruling that through reasonable diligence it should have been discovered earlier than within four years of the filing of suit.

2. We disagree with the superior court's computation of the time periods during which the four-year statute of limitation of OCGA § 9-3-30 bars recovery for damages to realty.

OCGA § 9-3-30 provides, "All actions for trespass upon or damages to realty shall be brought within four years after the right of action accrues." As held in *Cox v. Cambridge Square Towne Houses,* 239 Ga. 127 (236 SE2d 73) (1977), this means that, as to a continuing tort, only damages alleged to have occurred within four years of the plaintiff's bringing suit are not barred. Here, suit was brought in 1982.

Therefore, only damages to the plaintiff's realty alleged to have occurred within four years of his bringing suit are not barred by the statute of limitation. Stated another way, all claims for damages to realty occurring prior to 1978 are barred.

The grant in part and denial in part of the defendants' motion for summary judgment on this question should be adjusted accordingly.

3. The superior court correctly granted the defendants' motion for summary judgment as to any punitive-damage claim based on fraud in the inducement. See Div. 1, supra.

Similarly, the defendants' motion for summary judgment on the plaintiff's punitive-damage claim was also correctly granted, insofar as the plaintiff's punitive-damage claim is based on damages to realty for the years not within four years of the bringing of suit. Insofar as the punitive-damage claim is based on damages to realty occurring within four years of suit, it is not barred by the statute of limitation. Therefore, to this extent, the defendants' motion for partial summary judgment should have been denied.

4. It is also clear that the superior court, employing the criteria for determining the existence of an implied duty to mine set out in *Higginbottom,* supra, and the cases cited therein, correctly ruled that there is no implied duty to mine under the language of the mineral lease in this case.

5. Any remaining errors enumerated by the appellant have been reviewed and found to be without merit.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Smith, J., not participating.*

DECIDED JANUARY 7, 1985.

*Cashin & Davis, Harry L. Cashin, Jr., William T. McKenzie,* for appellant.

*Martin, Snow, Grant & Napier, George C. Grant, Hansell & Post, W. Lyman Dillon, R. Dal Burton,* for appellees.

*Mark Lee Stevens, Robert M. Margeson III, Walker L. Chandler,* amici curiae.