A00A0879. PARKER et al. v. JESTER et al.
(535 SE2d 814)

ANDREWS, Presiding Judge.

Acting as the representative of her mother's estate and as a surviving child, Dorothy A. Jester brought suit for wrongful death and personal injuries arising from an accident in which Jester's mother, Evelyn J. Clemons, was struck and fatally injured by a car driven by Angela M. Parker and owned by Ms. Parker's father, Riley Parker. Naming both Parkers as defendants, the suit alleged that Angela Parker negligently drove the car and that Riley Parker negligently entrusted the car to Ms. Parker. After the applicable statute of limi-

tation had expired, Jester dismissed the suit and refiled it within six months under the renewal provisions of OCGA § 9-2-61 (a). Jester later amended the renewed suit to add a claim against Riley Parker under the family purpose doctrine.

Both Parkers claim on appeal that the trial court erred by denying their motions for summary judgment in the renewed suit. Angela Parker claims that, because she was never served with the original suit, the renewed suit against her was barred by the statute of limitation. Riley Parker claims that the evidence of record shows that he was not liable. For the reasons which follow, we find that both Parkers were entitled to summary judgment.

1. The trial court erred by denying Angela Parker's motion for summary judgment.

It is undisputed that Angela Parker was never served with the original suit and that the statute of limitation on Jester's claims expired before the original suit was dismissed and renewed under OCGA § 9-2-61 (a). Because service was not perfected, the original suit against Angela Parker was void and incapable of being renewed under OCGA § 9-2-61 (a). *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994); *Sparrow v. Che*, 232 Ga. App. 184, 185 (501 SE2d 553) (1998). Under these circumstances, the renewal provisions of OCGA § 9-2-61 (a) did not protect the second suit against Ms. Parker from the bar of the statute of limitation. Id.

2. The trial court also erred by denying Riley Parker's motion for summary judgment.

After a hearing on the motion,[1] the trial court denied Mr. Parker's motion for summary judgment on Jester's claim that he was vicariously liable for Angela Parker's negligence under the family purpose doctrine. The facts establish, however, that Riley Parker was not liable under this claim. A necessary precondition for application of the family purpose doctrine in this case is evidence that Angela Parker was a member of the immediate household of her father, Riley Parker. *Jackson v. Reed*, 229 Ga. App. 433, 435 (494 SE2d 52) (1997); *Greene v. Jenkins*, 224 Ga. App. 640, 641-644 (481 SE2d 617) (1997). The evidence shows that, at the time of the accident, Angela Parker was a 20-year-old adult who lived at a residence separate and apart from her father's residence. Ms. Parker's affidavit shows that her father gave her permission to drive the car and that she was driving it for her own purposes when the accident occurred. The loan of a car to an adult daughter not living in the immediate household with Mr. Parker does not support the imposition of vicarious liability

---

[1] At the summary judgment hearing, the trial court orally announced that it was granting summary judgment to Riley Parker on the negligent entrustment claim. However, no written order was ever entered on this ruling, and this issue is not before us on appeal.

under the family purpose doctrine.[2] Id.; *Jackson*, 229 Ga. App. at 435.

Contrary to Jester's contention, a factual issue was not created by the fact that Angela Parker's sister, who was a member of Mr. Parker's immediate household, was present in the car at the time of the accident. This is not a case where family purpose liability could be predicated upon facts showing that the member of the immediate household who was given permission to drive the car was present in the car and permitted a third person to drive the car. See *Phillips v. Dixon*, 236 Ga. 271 (223 SE2d 678) (1976). Here, the facts show that Mr. Parker gave permission to drive the car to his adult daughter who was not a member of his immediate household.

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED JUNE 13, 2000.

*McLain & Merritt, M. David Merritt, Thomas J. Melanson*, for appellants.

*Elizabeth Pelypenko*, for appellees.

---

[2] Although not before us on appeal because the issue was not raised by the parties or ruled on by the trial court, we note that Riley Parker was entitled to summary judgment on the family purpose doctrine claim for an additional reason. To qualify as a renewal of the original suit under OCGA § 9-2-61 (a) so as to suspend the running of the statute of limitation, the renewed suit must be substantially the same as the original suit as to the cause of action. *Sheldon & Co. v. Emory Univ.*, 184 Ga. 440 (191 SE 497) (1937). Since Jester did not allege a cause of action under the family purpose doctrine in the original suit, the renewal provisions of OCGA § 9-2-61 (a) did not protect this claim from the bar of the statute of limitation.