A09A0847. SAFI-RAFIQ v. BALASUBRAMANIAM.
(679 SE2d 822)

MIKELL, Judge.

Susan Safi-Rafiq appeals the trial court's order granting summary judgment in favor of Geetha Balasubramaniam and dismissing Safi-Rafiq's renewal action in this automobile accident case. For reasons that follow, we affirm the trial court.

The relevant facts follow: On October 24, 2006, Safi-Rafiq sued Balasubramaniam in the Superior Court of Fulton County for personal injuries allegedly resulting from a November 18, 2004, automobile collision (the "2006 lawsuit"). The complaint in that action alleged that "the Defendant and the Plaintiff were involved in a motor vehicle accident at the intersection of Kimball Bridge and South Kimball Bridge Crossing. Said accident was the result of the Defendant's negligence." On August 6, 2007, Safi-Rafiq filed a motion for leave to add new party, alleging that the police report listed the driver as "Juvenile" and that counsel had just been made aware that the "Juvenile" was Balasubramaniam's son, Kartik Balasubramaniam. On August 9, 2007, the trial court denied Safi-Rafiq's motion for leave to add new party. Five days later, on August 14, 2007, Safi-Rafiq dismissed her complaint without prejudice. She filed the present action in the same court on February 1, 2008,

---

alleging that "on or about November 18, 2004[,] the Plaintiff and Defendant's resident son, John Doe Balasubramaniam . . . were involved in a motor vehicle accident at the intersection of Kimball Bridge and South Kimball Bridge Crossing. Said accident was the result of John Doe's negligence." The complaint further alleges that "[a]t the time of the collision, Defendant's son, John Doe, was engaged in a family purpose. Under Georgia's family purpose doctrine, Defendant is liable to the Plaintiff for [Defendant's] son's negligence."

On April 14, 2008, Balasubramaniam moved for summary judgment on the ground that Safi-Rafiq's claim under the family purpose doctrine could not be renewed in the present action because it was not raised in the 2006 lawsuit, which was dismissed after expiration of the two-year statute of limitation. On October 13, 2008, the trial court granted the motion. This appeal followed.

Safi-Rafiq contends that the trial court erred in granting Balasubramaniam's motion for summary judgment because the family purpose doctrine is not a new and separate tort, but rather is a theory of recovery founded in agency law and that the negligence allegations against her and her son are indivisible. We disagree.

"To be a good 'renewal' of an original suit, so as to suspend the running of the statute of limitations under [OCGA § 9-2-61], the new petition must be substantially the same both as to the cause of action and as to the essential parties."[1] Relying on a footnote in *Parker v. Jester*,[2] the trial court here ruled that since "the plaintiff did not allege a cause of action pursuant to the family purpose doctrine in her original suit, . . . the renewal statute does not allow for the subsequent assertion of this claim after the expiration of the statute of [limitation]."[3] Safi-Rafiq argues that the trial court incorrectly relied on dicta in reaching its decision and that *Parker* is distinguishable because the negligence claim in that case originally was filed against the daughter (along with a claim against the father for negligent entrustment), and the claim under the family purpose doctrine, asserted in the renewed action, was against another party, i.e., the father. According to Safi-Rafiq, *Parker* would apply to bar her suit if she had first filed an action for negligent entrustment and then added a claim for negligence against another party.

---

[1] (Citations omitted.) *Sheldon & Co. v. Emory Univ.*, 184 Ga. 440 (1) (191 SE 497) (1937). See *Costello v. Bothers*, 278 Ga. App. 750, 752 (3) (629 SE2d 599) (2006) ("In a renewal action, if the statute of limitation has not run, the plaintiff may add new parties and new claims to the refiled action; however, if the statute of limitation has expired, the plaintiff is limited to suing the same defendants under the same theories of recovery") (punctuation and footnote omitted).

[2] 244 Ga. App. 494 (535 SE2d 814) (2000).

[3] See id. at 496, n. 2.

Contrary to Safi-Rafiq's contention, the trial court's reliance on a footnote in *Parker* does not make its decision incorrect. In *Parker*, a panel of this Court reversed the trial court's denial of summary judgment to the defendant father on the plaintiff's claim under the family purpose doctrine because there was no evidence that the defendant daughter was a member of the immediate household of her father.[4] This Court also noted that the defendant father was entitled to summary judgment on the family purpose doctrine claim for another reason: "Since [the plaintiff] did not allege a cause of action under the family purpose doctrine in the original suit, the renewal provisions of OCGA § 9-2-61 (a) did not protect this claim from the bar of the statute of limitation."[5] Implicit in that conclusion is a finding that the family purpose doctrine is an entirely separate cause of action. Even though the circumstances of this case are different from *Parker*, the ultimate conclusion applies equally to this case. We are not persuaded by Safi-Rafiq's contention that the family purpose doctrine is not a new and separate tort and that the negligence allegations against her and her son are indivisible. While the family purpose doctrine originated from the law of agency, the doctrine imposes liability not as a result of a person's own negligence, but because of the negligence of a family member.[6] The 2006 lawsuit sought to hold Balasubramaniam liable for her own negligence in causing the automobile collision and made no allegation that anyone besides Balasubramaniam was driving the vehicle at the time of the collision, even though the police report specifically listed a "Juvenile" as the driver of the vehicle. The renewal action seeks to hold Balasubramaniam responsible for Safi-Rafiq's injuries resulting from the negligence of Balasubramaniam's son who was allegedly driving Balasubramaniam's vehicle at the time of the collision. Safi-Rafiq's renewal action presented a new cause of action based on a new theory of recovery, and was, therefore, barred by the two-year statute of limitation.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JUNE 9, 2009

*Millar & Mixon, Bruce R. Millar*, for appellant.

---

[4] Id. at 495-496 (2).

[5] Id. at 496, n. 2.

[6] See OCGA § 51-2-2; *Phillips v. Dixon*, 236 Ga. 271, 272 (223 SE2d 678) (1976) ("[i]n Georgia, when an automobile is maintained by the owner for the use and convenience of his family, such owner is liable for the negligence of a member of the family having authority to drive the car while it is being used for a family purpose") (citations omitted).

*Harper, Waldon & Craig, Trevor G. Hiestand*, for appellee.