**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 24, 2019**

# In the Court of Appeals of Georgia

A19A0113. BAKER v. GOSI ENTERPRISES, LTD.

BROWN, Judge.

Lauren Taylor Baker appeals pro se the trial court's order dismissing four out of nine counts in her amended complaint against GOSI Enterprises, Ltd. Baker asserts that the trial court erred in dismissing these counts as barred by the applicable statutes of limitation because they "relate back" to the complaint previously filed and dismissed by Baker in her first action against GOSI. For the reasons explained below, we affirm.

We review a trial court's order dismissing a plaintiff's complaint de novo. See *Mujkic v. Lam*, 342 Ga. App. 693, 694, n.1 (804 SE2d 706) (2017).

> In doing so, our role is to determine whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with

certainty that the plaintiff would not be entitled to relief under any state of provable facts; however, we need not adopt a party's legal conclusions based on these facts.

(Punctuation and footnote omitted.) *Dove v. Ty Cobb Healthcare Sys.*, 316 Ga. App. 7, 9 (729 SE2d 58) (2012).

The record shows that Baker began freelancing for Singer22[1] in 2007, working on the fashion retailer's website and marketing. According to her amended complaint, Baker and Singer22 entered into an oral partnership agreement in February 2008, pursuant to which Singer22 "promised to equally share (50/50) in the value of sale of the Singer22 business." At that same time, Singer22 also offered Baker "commissions on all growth over the previous year based on 3% of Singer22's gross revenues" in exchange for Baker working exclusively for Singer22. Baker accepted the offer. From 2007 to 2009, Baker made various contributions to Singer22, including implementing various branding and marketing ideas, which financially benefitted Singer22. By 2009, Baker believed Singer22 was not compensating her as agreed to, and in June 2009, she demanded that Singer22 reduce their oral agreements

---

[1] Based on the record, it seems that GOSI Enterprises, Ltd. is a corporation which operates Singer22, a fashion business and retailer.

to writing, which Singer22 refused to do. The working relationship ended entirely some time in July 2009, when Singer22 "eliminated all [of Baker's] access," "excluded [her] from the organization," and "refused to pay anything more for her efforts."

Baker filed her original suit against GOSI in January 2013. Her complaint included claims for breach of contract, conversion of a non-copyrightable idea, quantum meruit, attorney fees, and punitive damages. Baker filed an amended complaint in June 2013 (the "2013 complaint"). On May 4, 2015, Baker voluntarily dismissed this suit without prejudice.

On November 4, 2015, Baker initiated the instant suit by filing a renewed complaint with the same claims asserted in the original action (the "2015 complaint"). On July 12, 2016, Baker filed an amended complaint (the "2016 complaint"), which included additional factual allegations of an oral partnership agreement and new claims for breach of partnership agreement, breach of fiduciary duty, negligent misrepresentation, and promissory estoppel (the "new claims"). GOSI filed a motion to dismiss the new claims, arguing that they were barred by the applicable statutes of

limitation. The trial court granted GOSI's motion in its entirety.[2] Baker now appeals from the dismissal of the new claims.

In related enumerations of error, Baker asserts that the trial court erred in dismissing the new claims because they arose out of the same conduct, transaction, or occurrence set forth in her 2013 complaint and thus relate back to the date of the 2013 complaint pursuant to OCGA § 9-11-15 (c). We first find it necessary to delineate the difference between an amendment to a pleading and the renewal of an action:

> [A]mendment and renewal are not the same, they do not have the same underpinnings, and they should not be conflated or equated. A renewal suit is an action de novo. Unless the case is an absolute nullity, the defective or improper suit may be used to nurse the cause of action into full life in the proper form and forum. And it has long been held that the renewal statute is remedial, and to be liberally construed so as to preserve the right to renew the cause of action set out in a previous suit, wherever the same has been disposed of on any ground other than one affecting the merits. Also, renewals and amendments are limited in different ways. For example, an action renewed after the running of the statute of limitation cannot be used to add parties not sued in the original action; whereas an amendment to add a party to an existing suit after the

---

[2] A jury trial was held on Baker's remaining claims, and the jury returned a verdict in favor of GOSI.

4

statute of limitation "relates back" under certain circumstances. Similarly, a renewal after the statute of limitation is valid only if it is substantially the same both as to the cause of action and as to the essential parties. But amendment may be used to add causes of action and parties. In short, amendment and renewal are not the same. . . .

(Citations, punctuation, and emphasis omitted.) *Chandler v. Opensided MRI of Atlanta, LLC*, 299 Ga. App. 145, 155-156 (2) (b) (682 SE2d 165) (2009). See also OCGA §§ 9-2-61 and 9-11-15. The case at hand implicates *both* an amendment and renewal. It is undisputed that Baker properly renewed her original suit against GOSI when she filed her 2015 complaint pursuant to OCGA § 9-2-61, which pertinently provides:

When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

OCGA § 9-2-61 (a). Additionally, "[t]o be a good renewal of an original suit, so as to suspend the running of the statute of limitations under OCGA § 9-2-61, the new petition must be substantially the same both *as to the cause of action* and as to the essential parties." (Citations, footnote, and punctuation omitted; emphasis supplied.) *Safi-Rafiq v. Balasubramaniam*, 298 Ga. App. 274, 275 (679 SE2d 822) (2009). See also *Curles v. Psychiatric Solutions, Inc.*, 343 Ga. App. 719, 728 (3) (808 SE2d 237) (2017).

Here, after voluntarily dismissing the original suit, Baker renewed her suit within six months after the dismissal by filing the 2015 complaint. See OCGA § 9-2-61 (a). And the 2015 complaint did not add any new claims from those asserted in the original suit. However, the fact that Baker properly renewed her suit does not mean she had leave to amend her 2016 complaint to add claims which were not part of the 2013 complaint. "[A] plaintiff may not utilize the amendment provisions under OCGA § 9-11-15 (c) to attempt to add otherwise barred claims to renewal actions, when such claims are not substantially the same as the claims in the original action." *Curles*, 343 Ga. App. at 728 (3). And Baker does not dispute that her claims for breach of partnership agreement, promissory estoppel, breach of fiduciary duty, and negligent misrepresentation were brought after the applicable statute of limitation

6

periods had run. Consequently, for these claims to survive a motion to dismiss, Baker needed to show that they were substantially the same as the causes of action in the original suit.

1. *Breach of Partnership Agreement.* In support of her breach of contract claim in the original action, Baker alleged that GOSI entered into an agreement with Baker to pay her "certain commissions representing 3% of gross revenues and reflecting her substantial marketing and strategic ideas that she contributed," and that by failing to pay the commissions, GOSI had breached its agreement. Nothing about these allegations would provide GOSI with fair notice that Baker might assert an additional claim arising out of an alleged breach of an agreement to "equally share (50/50) in the value of sale of [GOSI's] business" if the business were sold at some point in the future. Nor is the breach of partnership agreement claim substantially the same cause of action as Baker's claims for quantum meruit and conversion of a non-copyrightable idea. Accordingly, it is barred by the four-year statute of limitation. See OCGA §§ 9-3-25, 9-3-26.

2. *Breach of Fiduciary Duty.* There is "no specific statute of limitation for breach of fiduciary duty claims" in Georgia, and "we examine the injury alleged and the conduct giving rise to the claim to determine the appropriate statute of limitation."

7

(Citations, footnote, and punctuation omitted.) *Rollins v. LOR, Inc.*, 345 Ga. App. 832, 841 (1) (815 SE2d 169) (2018). Baker alleges that GOSI breached its fiduciary duty when it "violated the implied agreement by wrongfully excluding [Baker] from the partnership business opportunity [and] dissolved the partnership, and failed to compensate [her]. . . ." Thus, Baker's breach of fiduciary duty claim mirrors the facts alleged in her breach of partnership agreement claim, and it too is barred.[3] See OCGA §§ 9-3-25, 9-3-26. See also *Godwin v. Mizpah Farms, LLLP*, 330 Ga. App. 31, 38 (3) (b) (766 SE2d 497) (2014) (six-year statute of limitation in OCGA § 9-3-24 applied to breach of fiduciary duty claim based on breach of written contract).

3. *Negligent Misrepresentation.* Baker's claim of negligent misrepresentation is premised on multiple material misrepresentations of fact allegedly made by GOSI, including misrepresentations related to the partnership agreement. For the same reasons as those given in Division 1, supra, we must conclude that any claim of

---

[3] Baker's breach of fiduciary duty claim also alleges that GOSI "violated the implied agreement by wrongfully excluding Ms. Baker from the partnership business opportunity when it terminated Ms. Baker's 3% commission payments, dissolved the partnership, and failed to compensate Ms. Baker for her 50% share." While the claim mentions the three percent commission, it is clear that the breach of fiduciary claim is only based on GOSI's alleged breach of a partnership agreement.

8

negligent misrepresentation based on the alleged partnership agreement is not substantially the same as Baker's causes of action in the original suit.

With regard to a claim of negligent misrepresentation based on alleged misrepresentations relating to the three percent commission, we also conclude that it is a separate cause of action from those asserted in her original action. In her original action, Baker sought damages from GOSI based on allegations of an express or implied contract between the two parties. Negligent misrepresentation, on the other hand, sounds in tort, and, more specifically, in the law of negligence. See *BDO Seidman, LLP v. Mindis Acquisition Corp.*, 276 Ga. 311 (1) (578 SE2d 400) (2003) (treating negligent misrepresentation as cause of action sounding in negligence). And negligent misrepresentation "presupposes the absence of an enforceable contractual relationship between the parties." *Hendon Properties, LLC v. Cinema Dev., LLC*, 275 Ga. App. 434, 439 (2) (a) (620 SE2d 644) (2005).

The fact that the negligent misrepresentation claim arises out of the same operative facts underlying Baker's original action does not necessitate the conclusion that it is substantially the same as her prior causes of action. See *Parker v. Jester*, 244 Ga. App. 494 (2), n.2 (535 SE2d 814) (2000) (renewal provisions did not protect claim under family purpose doctrine because it was separate cause of action from

negligence and negligent entrustment claimed in original suit although based on same factual allegations). Accordingly, Baker's "renewal action presented a new cause of action on a new theory of recovery," and her claim for negligent misrepresentation is barred by the four-year statute of limitation. *Safi-Rafiq*, 298 Ga. App. at 276. See OCGA § 9-3-31. See also *Mbigi v. Wells Fargo Home Mtg.*, 336 Ga. App. 316, 325 (3) (785 SE2d 8) (2016) (four-year statute of limitation applies to actions for negligent misrepresentation).

4. *Promissory Estoppel.* Baker's claim of promissory estoppel is premised on multiple promises allegedly made by GOSI, including promises related to the partnership agreement. For the same reasons as those given in Division 1, supra, we must conclude that any claim of promissory estoppel based on the alleged partnership agreement is not substantially the same as Baker's causes of action in the original suit.

With regard to a claim of promissory estoppel based on alleged promises relating to the three percent commission, we conclude that it is a separate, and distinct, cause of action from those asserted in her original action. Like negligent misrepresentation, promissory estoppel presupposes the absence of an enforceable contract. See *Bank of Dade v. Reeves*, 257 Ga. 51, 52 (3) (354 SE2d 131) (1987).

10

Thus, a claim of promissory estoppel is an alternative theory of recovery to a breach of contract claim. See *Zambetti v. Cheeley Investments*, 343 Ga. App. 637, 647 (2) (c) (808 SE2d 41) (2017). It follows that Baker's promissory estoppel claim is barred by the four-year statute of limitation.[4] See OCGA §§ 9-3-25, 9-3-26. See also *Safi-Rafiq*, 298 Ga. App. at 276 (new cause of action based on a new theory of recovery barred).

Because Baker's new claims for breach of partnership agreement, breach of fiduciary duty, negligent misrepresentation, and promissory estoppel were raised for the first time in the renewal action, after the applicable statutes of limitation had run, the trial court did not err in dismissing those claims.

*Judgment affirmed. Barnes, P. J., and Mercier, J., concur.*

---

[4] Baker's claim of promissory estoppel is also premised on promises allegedly made by GOSI relating to a separate business venture between Baker and GOSI called "Couture Society LLC." However, Baker admitted below that these alleged promises do not independently state a cause of action that is substantially the same as the allegations made in her original action. Thus, we will not consider Baker's argument, raised for the first time on appeal, to the contrary. See *CMGRP, Inc. v. Gallant*, 343 Ga. App. 91, 96 (2) (a) (806 SE2d 16) (2017).