**FIRST DIVISION**
**BARNES, P. J.,**
**REESE, P. J. and PIPKIN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 25, 2020**

# In the Court of Appeals of Georgia

A18A0522. COEN v. APTEAN, INC. et al.

BARNES, Presiding Judge.

Timothy F. Coen filed a renewal action against his former employer and several other defendants, asserting a claim for abusive litigation under OCGA § 51-7-80 et seq. and seeking, among other things, punitive damages. The trial court dismissed Coen's renewal action, and in *Coen v. Aptean, Inc.*, 346 Ga. App. 815 (816 SE2d 64) (2018), we affirmed in part and reversed in part the trial court's dismissal order. In Division 2 of our opinion, we affirmed the dismissal of Coen's request for punitive damages under OCGA § 51-12-5.1 on the ground that such damages were not available for a statutory abusive litigation claim. Id. at 823-824 (2). The Supreme Court of Georgia granted certiorari and reversed Division 2 of our opinion, concluding that OCGA § 51-7-83 (a) allows for the recovery of punitive damages in

a statutory claim for abusive litigation not based solely on injured feelings. *Coen v. Aptean, Inc.*, 307 Ga. 826, 826-827 (4) (838 SE2d 860) (2020). The Supreme Court noted that the defendants raised alternative grounds for why punitive damages might not be available to Coen but declined to address them as outside its grant of certiorari, instead leaving those issues to be addressed by this Court on remand. Id. at 840-841 (5).

Now that the case is back before us on remand, we vacate Division 2 of our original opinion and adopt the Supreme Court's opinion as our own.[1] We now consider the defendants' alternative arguments for why Coen could not seek punitive damages, and, for the reasons discussed below, we reject those arguments. We therefore reverse the trial court's dismissal order.

1. The CD Software Defendants[2] argue that Coen was not entitled to seek punitive damages in the current renewal action because he did not seek punitive

---

[1] Divisions 1, 3, and 4 of our original opinion, which the Supreme Court neither addressed nor considered, are consistent with the Supreme Court's opinion and remain the law of the case. See *Shadix v. Carroll County*, 274 Ga. 560, 563-564 (1) (554 SE2d 465) (2001); *Ford v. Uniroyal Goodrich Tire Co.*, 270 Ga. 730, 731 (514 SE2d 201) (1999).

[2] The CDC Software Defendants are Aptean, Inc., CDC Software Corporation, Vincent Burkett, Monte Ford, Marc Teillon, James FitzGibbons, and Kenneth Thompson.

damages in the original action that he filed against them. According to the CD Software Defendants, because Coen filed his renewal action for abusive litigation after the expiration of the applicable one-year statute of limitation,[3] his renewal action must be substantially the same as his original action. And, the CD Software Defendants maintain, a new request for punitive damages would enlarge their potential liability beyond what was indicated in the original action such that Coen's renewal action would not be substantially the same as his original action. Consequently, they argue that the trial court's decision that Coen could not seek punitive damages from them should be affirmed under the right for any reason rule.

---

[3] Punitive damages are subject to the same statute of limitation as the underlying cause of action for which they are sought. See *Brooks v. Freeport Kaolin Co.*, 253 Ga. 678, 680 (3) (324 SE2d 170) (1985) (applying four-year statute of limitation for damage-to-realty claims to determine whether plaintiff could recover punitive damages predicated on such a claim); *Forester v. McDuffie*, 189 Ga. App. 359, 359 (1) (375 SE2d 488) (1988) (applying four-year statute of limitation for actions for fraud and deceit to determine whether plaintiff could recover punitive damages predicated on fraud claim). A claim for abusive litigation must be brought within one year after "the final termination of the proceeding in which the alleged abusive litigation occurred." OCGA § 51-7-84 (b). Here, the underlying contract lawsuit in which the alleged abusive litigation occurred was terminated on September 17, 2014. Coen filed his original abusive litigation action against the CD Software Defendants on June 3, 2015 and his subsequent renewal action on September 23, 2016.

See *Worley v. Winter Constr. Co.*, 304 Ga. App. 206, 208 (1) (695 SE2d 651) (2010) (dismissal of complaint will be affirmed if right for any reason). We are unpersuaded.

Georgia's renewal statute provides in pertinent part:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . .

OCGA § 9-2-61 (a).

"[A] properly filed renewal action stands on the same footing as the original action with respect to statutes of limitation. Accordingly, if a renewal action is properly filed within six months after dismissal of the original action, it remains viable even though the statute of limitation may have expired." (Citations and punctuation omitted.) *Blier v. Greene*, 263 Ga. App. 35, 36 (1) (a) (587 SE2d 190) (2003). "While a plaintiff's substantial rights or a defendant's liability cannot be enlarged in a renewal action, the renewal action need not be identical to the first one." *Cushing v. Cohen*, 323 Ga. App. 497, 507 (3) (746 SE2d 898) (2013). Rather "to be a good renewal of an original suit, so as to suspend the running of the statute of

limitations under OCGA § 9-2-61, the new petition must be substantially the same both as to the cause of action and as to the essential parties." (Punctuation and emphasis omitted.) *Baker v. GOSI Enterprises*, 351 Ga. App. 484, 486 (830 SE2d 765) (2019), quoting *Safi-Rafiq v. Balasubramaniam*, 298 Ga. App. 274, 275 (679 SE2d 822) (2009). Thus, if a plaintiff files a renewal suit after the applicable limitations period has expired and adds "a new cause of action based on a new theory of recovery," "the renewal statute is inapplicable to save [the] claim from being time-barred." (Citation and punctuation omitted.) *Auto-Owners Ins. Co. v. Hale Haven Properties*, 346 Ga. App. 39, 48 (1) (b) (815 SE2d 574) (2018). See *Baker*, 351 Ga. App. at 489 (4); *Safi-Rafiq*, 298 Ga. App. at 276; *Burns v. Dees*, 252 Ga. App. 598, 607-608 (1) (d) (557 SE2d 32) (2001).

Coen filed the current action within six months after the dismissal of his original action against the CD Software Defendants,[4] and he asserted claims for abusive litigation under OCGA § 51-7-80 et seq. in both actions. Because the causes of action in Coen's two lawsuits were substantially the same, the current suit was a "good renewal of [the] original suit" so as to suspend the one-year statute of

---

[4] Coen voluntarily dismissed his original suit on May 5, 2016 and filed his renewal suit on September 23, 2016.

limitation applicable in abusive litigation suits. *Baker*, 351 Ga. App. at 486, quoting *Safi-Rafiq*, 298 Ga. App. at 275. Coen's statutory abusive litigation claim asserted in the current renewal suit thus was not time-barred.

While the CD Software Defendants contend that Coen's new request for punitive damages in his renewal action was time-barred, the relevant inquiry is whether the *causes of action* asserted in the original and renewal suits were substantially the same. See *Baker*, 351 Ga. App. at 486; *Safi-Rafiq*, 298 Ga. App. at 275. And Coen's request for punitive damages was not a separate and independent cause of action. See *Irvin Intl. v. Riverwood Intl. Corp.*, 299 Ga. App. 633, 639 (3), n.17 (683 SE2d 158) (2009) (pointing out that "punitive damages . . . flowing from a specific tort are not [an] independent cause[] of action") (citation omitted). See also *Franklin Credit Mgmt. Corp. v. Friedenberg*, 275 Ga. App. 236, 242 (2) (d) (620 SE2d 463) (2005) ("The law does not support the concept that pursuing each type of damages flowing from a specific tort is a separate and independent cause of action."). Rather, his request for punitive damages was derivative of his underlying substantive claim for abusive litigation. See *Racette v. Bank of America, N.A.*, 318 Ga. App. 171, 181 (6) (733 SE2d 457) (2012) ("An award of . . . punitive damages is derivative of a plaintiff's substantive claims."). Consequently, Coen did not add a new cause of

action based on a new theory of recovery by requesting punitive damages for the first time in the renewal suit. See *Pratt Eng. & Machine Co. v. Trotti*, 142 Ga. 401, 403 (83 SE 107) (1914) (amendment adding request for punitive damages "did not add a new and distinct cause of action"); *Chitwood v. Stoner*, 60 Ga. App. 599, 601 (4 SE2d 605) (1939) (amendment adding request for punitive damages did not "introduce a new cause of action [because such damages] inhered in and flowed from the same tort") (citation, punctuation, and emphasis omitted). Coen's request for punitive damages therefore was not time-barred. Compare *Baker*, 351 Ga. App. at 487-489 (1)-(4) (claims for breach of partnership agreement, breach of fiduciary duty, negligent misrepresentation, and promissory estoppel that were raised for first time in renewal suit, after applicable statutes of limitation had run, were properly dismissed by trial court); *Auto-Owners Ins. Co.*, 346 Ga. App. at 48 (1) (b) (statutory claim to enforce check, raised for first time in renewal suit after limitation period had expired, was time-barred because not substantially the same as breach-of-contract claim raised in original suit); *Burns*, 252 Ga. App. at 607–608 (1) (d) (claims for unjust enrichment and quantum meruit, asserted for first time in renewal suit after applicable limitation period had run, were time-barred because not substantially the same as claim for breach of contract and other claims asserted in original suit).

7

2. Defendant Gabriel Mendel likewise argues that Coen's request for punitive damages in his renewal action was properly dismissed by the trial court because Coen did not seek punitive damages in the original abusive litigation action that he filed against Mendel. Mendel's argument fails for the same reasons discussed supra in Division 1.

3. Lastly, Mendel contends that Coen's request for punitive damages was properly dismissed by the trial court because in his renewal complaint, Cohen also requested damages for injury to his peace, happiness, and feelings under OCGA § 51-12-6[5] and alleged that those damages were his "sole injury." Because punitive damages sought under OCGA § 51-12-5.1 (b)[6] are recoverable as part of a statutory abusive litigation claim only when the claim is not based solely on injured feelings,

---

[5] OCGA § 51-12-6 provides:
> In a tort action in which the entire injury is to the peace, happiness, or feelings of the plaintiff, no measure of damages can be prescribed except the enlightened consciences of impartial jurors. In such an action, punitive damages under Code Section 51-12-5 or Code Section 51-12-5.1 shall not be awarded.

[6] OCGA § 51-12-5.1 (b) provides:
> Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

8

see *Coen*, 307 Ga. at 840 (4), Mendel argues that Coen's sworn allegations about his injured feelings show that he cannot recover punitive damages as a matter of law. We do not agree.

As our Supreme Court noted in *Coen*, "this case is still at the pleading stage." *Coen*, 307 Ga. at 841 (5), n. 20. And under Georgia's liberal pleading rules, Coen was entitled to set forth in his complaint two or more alternative statements of his abusive litigation claim. See OCGA § 9-11-8 (e) (2) ("A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses."). Furthermore, "[a] plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them." OCGA § 9-2-4. Accordingly, Coen was authorized in his renewal complaint to request, as part of his statutory abusive litigation claim, damages for injured feelings under OCGA § 51-12-6 and, alternatively, punitive damages under OCGA § 51-12-5.1 (b), even if he ultimately could not recover both types of damages. See *Tankersley v. Barker*, 286 Ga. App. 788, 790 (2) (651 SE2d 435) (2007) ("One can pursue any number of inconsistent remedies prior to formulation and entry of judgment.") (citation and punctuation omitted).

For these combined reasons, we conclude that, contrary to the defendants' arguments raised on remand, Coen was entitled to request punitive damages in his renewal action. Because the trial court concluded otherwise, we reverse.

*Judgment reversed. Reese and Pipkin, JJ., concur.*