[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12083

Non-Argument Calendar

_____

CAMERON M. THIERRY,

Plaintiff-Appellant,

*versus*

THE HONEY POT COMPANY (DE), LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-04414-MHC

_____

Before NEWSOM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Cameron Thierry, proceeding *pro se*, appeals the district court's dismissal of his complaint against The Honey Pot Company (DE), LLC ("Honey Pot") as barred by the statute of limitations and the district court's denial of his motion for reconsideration. After careful consideration, we affirm.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

On November 3, 2022, Thierry, proceeding *pro se*, sued Honey Pot, alleging that it had violated an oral contract it had entered into with him. Thierry's complaint invoked the diversity jurisdiction of the district court, 28 U.S.C. § 1332, and he alleged that: (i) he was a Wisconsin citizen; (ii) Honey Pot was incorporated in Delaware with a principal place of business in Georgia; and (iii) his suit was seeking $327,000 in damages. Later, Thierry moved to amend his complaint. The district court granted the motion, but ordered Thierry to show why his suit should not be dismissed for lack of subject-matter jurisdiction because he had not listed the citizenship of all members of Honey Pot, a limited liability corporation.

Thierry filed a "First Amended Complaint", alleging as follows: Thierry was a co-chief financial officer ("CFO") of Honey Pot

from January 8, 2018, until "on or about June 29, 2018."[1] Honey Pot's other co-CFO was Simon Gray. Thierry and Gray agreed to begin providing co-CFO services without payment until Honey Pot received funds from a "$3 million 'life changing' investor . . . via a bridge loan Honey Pot expected to receive within months." Honey Pot promised that, after it received the full $3 million in funding, it would: (1) adequately compensate Thierry for all services he rendered; (2) offer Thierry full-time employment; and (3) award Thierry equity in Honey Pot. When Honey Pot made its first payment to Thierry on March 2, 2018, it orally agreed to amend the parties' agreement to adjust his co-CFO revenue share from 35% to 50% because of his contributions to the company. Over six months, Thierry rendered invaluable services to Honey Pot. During that time, Honey Pot paid Thierry only $9,500.

Honey Pot continued to pay Gray "through at least June 29, 2018," giving Thierry the impression that he still was sharing 50% of Honey Pot's revenues with Gray and that they both would be made whole together later. Even so, Gray had been hired by, and awarded equity in, Honey Pot in May 2018. Thierry relied on Honey Pot's representations, passing on multiple employment opportunities and exhausting his savings. Thierry alleged that Honey Pot had fraudulently induced him to perform services by stating

---

[1] When reviewing the grant of a motion to dismiss, we accept all factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. *United States v. Henco Holding Corp.*, 985 F.3d 1290, 1296 (11th Cir. 2021).

that he would become a full-time employee—with an annual salary of $60,000 and 3.99% equity in the company—once a $3 million investor was secured. Moreover, Thierry alleged he was "instrumental" to Honey Pot's success while he worked there and was invited to attend meetings as part of the Honey Pot "team."

However, Honey Pot reneged on all of its promises once an investor was secured. On July 5, 2018, Gray communicated that he was having a final conversation with an investor regarding Thierry's compensation and equity share. Gray called Thierry on July 6, 2018, made him a $6,000 offer for the services he had rendered, and stated that Thierry had not contributed to the $3 million investor funding. Thierry refused the $6,000 offer, and Gray said he would have further conversations with the investor and Honey Pot's chief executive officer about a new offer for Thierry to consider. On July 7, 2018, Thierry no longer had access to Honey Pot's payroll administration account, and his Honey Pot email password had been changed.

Thierry's amended complaint brought five counts: (1) "Breach of Contract, Quantum Meruit"; (2) "Promissory and Equitable Estoppel"; (3) Fraud; (4) Unjust Enrichment; and (5) "Attorneys' Fees and Expenses pursuant to O.C.G.A. § 13-1-11." It also noted the statutes of limitations for his claims were impacted by the suspension of filing deadlines because of COVID-19 from the Supreme Court of Georgia from March 14, 2020, to July 14, 2020. He attached numerous exhibits to his amended complaint.

23-12083                Opinion of the Court                5

Honey Pot moved to dismiss Thierry's amended complaint, arguing, as relevant, that Thierry had not properly pled diversity jurisdiction and that Thierry's claims were barred by the statute of limitations. As to the statute of limitations point, Honey Pot argued that Georgia law imposed a four-year statute of limitations on Counts 1 through 4. It contended that the breach of contract claim accrued on the day the contract was entered into, in January 2018, beyond the four-year statute of limitations. However, even if the claim accrued when Honey Pot offered Gray employment and not Thierry, that was in May 2018, also beyond the four-year statute of limitations. It next argued that Thierry's remaining claims—for *quantum meruit*, promissory and equitable estoppel, and unjust enrichment—were based on the same negotiations and therefore they had accrued at the same time and were barred by the statute of limitations. It also argued that Thierry's attorneys' fees claim failed because he had no meritorious underlying claims which were not barred by the statute of limitations.

Thierry opposed the motion to dismiss. He argued, as relevant, that his cause of action accrued on July 7, 2018, when Honey Pot breached its contractual obligations with him by failing to hire him at that point. Thierry also submitted additional filings relating to the subject matter jurisdiction issue, wherein he sought information about the citizenship of Honey Pot's members. The district court first denied Thierry's requests for discovery but granted him additional time and scheduled a telephonic conference on the issue. At the telephonic conference, the district court ordered the parties to confer regarding the jurisdictional issue and file a joint status

report. After the hearing, Thierry filed additional requests for information. The district court later entered an order noting that "the issue of subject matter jurisdiction" had still not been resolved. In aid of determining that question, the court granted Thierry's requests in part and ordered Honey Pot to provide information to Thierry relating to the domicile of each of its members. After obtaining that information, Thierry filed documents showing that each member of Honey Pot was not a citizen of Wisconsin, where Thierry is a citizen.

In May 2023, the district court granted Honey Pot's motion to dismiss and dismissed Thierry's amended complaint with prejudice. It first concluded that Thierry had established diversity jurisdiction by showing that all members of Honey Pot were citizens of different states than he was.[2] It then noted that: (i) neither party disputed the authenticity of the exhibits attached to Thierry's amended complaint, so it could consider them in resolving the motion to dismiss; and (ii) Thierry had not disputed that the parties had entered into an oral contract nor that each of his counts was subject to a four-year statute of limitations. Independently, it

---

[2] In passing, Honey Pot challenges this contention in its brief on appeal. We are obligated to inquire into subject matter jurisdiction whenever it may be lacking. *Esteva v. UBS Fin. Servs. Inc. (In re Esteva)*, 60 F.4th 664, 670 (11th Cir. 2023). Having done so, we see no error in the district court's thorough consideration of the jurisdictional issues in this case, and we agree with its conclusion that it had subject matter jurisdiction. 28 U.S.C. § 1332. Accordingly, we proceed to the merits.

concluded that a four-year statute of limitations applied to each claim under Georgia law.

The district court then concluded that each of Thierry's claims were barred by the applicable statutes of limitation. Given the four-year statutes of limitations and orders from the Georgia Supreme Court that tolled the statutes of limitations based on the COVID-19 pandemic, the district court concluded that any of Thierry's claims that accrued on or after July 3, 2018, would be timely.

The district court then determined that, based on the amended complaint's allegations, any breach of the oral contract occurred when Honey Pot secured investor financing and its promises—to provide Thierry with equity, a full-time position, and payment for all services previously rendered—were broken. It rejected Thierry's argument that his claim began to accrue on July 7, 2018, because that date would be inconsistent with the principle in Georgia law that the cause of action accrues upon the first breach. It found that Thierry's attempt to negotiate with Honey Pot regarding his compensation after Honey Pot's initial breach—*i.e.*, Honey Pot's failure to follow through on its promises after it secured its financing—did not affect the accrual of his breach of contract claim. Instead, it concluded that, according to Thierry's amended complaint, the financing was secured and Honey Pot failed to fulfill its end of the bargain before July 3, 2018. The court noted that there was a dispute in the record on when the financing was secured, but that the dispute was only between dates in June

2018, any of which would have been barred by the statute of limitations.

The district court next found that Thierry's equitable claims were also time-barred because Thierry's last day of services rendered to Honey Pot was June 29, 2018, meaning those claims also accrued before July 3, 2018.[3] As for Thierry's fraud claim, the court determined that a claim for fraud accrued when a representation was relied on and that the only alleged misrepresentations were made before July 3, 2023, specifically, that Thierry would be given equity, a job, and payment for his services after Honey Pot secured the financing. The court determined that the parties' communications after July 3, 2018, where Thierry was made a settlement offer that he rejected, were not false statements that Thierry relied on that resulted in damages.

The district court further concluded that because Thierry's causes of action were barred by the applicable statutes of limitation, Thierry's claim for attorney's fees and expenses necessarily failed and it did not need to consider the alternative grounds for dismissal Honey Pot raised.

---

[3] The district court alternatively determined that, because Thierry did not address Honey Pot's arguments about the dismissal of his unjust enrichment, *quantum meruit*, and promissory estoppel claims in his response, the claims were abandoned. We need not address this issue, however. *See Fla. Wildlife Fed'n Inc. v. United States Army Corps of Eng'rs*, 859 F.3d 1306, 1316 ("We may affirm the district court's ruling on any basis the record supports.").

Thierry moved for reconsideration of the district court's order. He argued that the district court "overlooked and/or misapprehended" the facts and the law. He also argued that there had been several procedural errors in the case that had prevented him from having an adequate chance to challenge the dismissal.

Before the district court ruled on the motion for reconsideration, Thierry timely filed a notice of appeal to challenge the district court's dismissal order.

Later, the district court denied Thierry's motion for reconsideration. It concluded that, while Thierry had submitted new evidence, there was no reason that Thierry could not have submitted that evidence before his suit had been dismissed. It therefore found reconsideration unwarranted. After his motion for reconsideration was denied, Thierry moved to proceed on appeal *in forma pauperis*, and the district court granted that motion.

## II. STANDARDS OF REVIEW

We review *de novo* a district court's dismissal of a complaint for being brought beyond the statute of limitations. *Jackson v. Astrue*, 506 F.3d 1349, 1352 (11th Cir. 2007). In examining whether a district court's dismissal is proper, we accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). We review the denial of a motion for reconsideration, whether brought under Rule 59(e) or Rule 60(b), for abuse of discretion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (Rule 60(b)); *Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1285

(11th Cir. 2001) (Rule 59(e)).  In applying these standards, we liberally construe *pro se* pleadings and hold them to a "less stringent standard." *Bingham*, 654 F.3d at 1175 (internal quotations omitted).

### III. ANALYSIS

On appeal, Thierry argues that the district court erred in finding his claims time-barred and committed various procedural errors.  He argues that Honey Pot breached the parties' oral contract on July 5, 2018, rendering his suit timely.  In support of that contention, he cites exhibits, attached to his amended complaint, showing Thierry's negotiations with Gray in July 2018.  He also contends that the district court erred in concluding his claims were abandoned and in denying his motion for reconsideration.  He again concedes that a four-year statute of limitations applies to his claims and that, using that period, his claims needed to accrue after July 3, 2018, to be timely.  However, he contends that his last day of employment with Honey Pot was July 7, 2018, not June 30, which justifies reversal of the dismissal of his unjust enrichment, quantum meruit, and promissory estoppel claims.  He argues that his fraud claim, as well, was timely because he did not know of Honey Pot's fraud until July 7.  Finally, he argues that the district court committed various procedural errors during the proceedings, including relating to subject matter jurisdiction and discovery.

A district court may dismiss a complaint under Rule 12(b)(6) as time-barred only if it is "apparent from the face of the complaint" that the applicable statute of limitations bars the claim. *Henco Holding*, 985 F.3d at 1296 (quoting *Bhd. of Locomotive Eng'rs &*

*Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008)).  In doing so, a district court must accept all factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff at the motion-to-dismiss stage, but it is not bound to accept as true the complaint's legal conclusions or unwarranted factual inferences.  *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In diversity cases, we apply the substantive law of the forum state, here Georgia.  *Mesa v. Clarendon Nat'l Ins. Co.*, 799 F.3d 1353, 1358 (11th Cir. 2015).

Georgia law allows parties to bring a breach of written contract action within six years, and a breach of oral contract action within four years.  *See* O.C.G.A. § 9-3-24 (6-year statute of limitations for simple written contracts); O.C.G.A. § 9-3-25 (4-year statute of limitations for oral contracts).  Georgia law also has a residual four-year statute of limitations for "[a]ll other actions upon contracts express or implied."  O.C.G.A. § 9-3-26.  A four-year statute of limitations applies to claims for fraud in the inducement, unjust enrichment, *quantum meruit*, and promissory estoppel.  *See Brooks v. Freeport Kaolin Co.*, 324 S.E.2d 170, 172 (Ga. 1985) (holding that a claim for fraudulent inducement is governed by a four-year statute of limitations); *Koncul Enters., Inc. v. Fleet Fin., Inc.*, 630 S.E.2d 567, 570 (Ga. Ct. App. 2006) (holding that a statute of limitations for unjust enrichment is four years under O.C.G.A. § 9-3-26); *Burns v. Dees*, 557 S.E.2d 32, 39-40 (Ga. Ct. App. 2001) (noting that the statute of limitations for a *quantum meruit* claim is four years under O.C.G.A. § 9-3-26); *Willner & Millkey v. Shure*, 183 S.E.2d 479, 481

(Ga. Ct. App. 1971) (noting that *quantum meruit* claims are subject to a four-year statute of limitations); *Baker v. GOSI Enters.*, 830 S.E.2d 765, 770 (Ga. Ct. App. 2019) (explaining that promissory estoppel claims are governed by the four-year statute of limitations applicable to breach of contract suits) (citing O.C.G.A. §§ 9-3-25, 9-3-26).  As relevant here, a claim for fraud generally must be brought within four years from the date the fraud is known or discovered.  *See Anthony v. Am. Gen. Fin. Servs.*, 697 S.E.2d 166, 175-76 (Ga. 2010); *see also* O.C.G.A. § 9-3-96.

In Georgia, the statute of limitations for a breach of contract claim runs on the date the claim accrues.  *Hall v. Allstate Ins.*, 880 F.2d 394, 398 (11th Cir. 1989) (citing *Hoffman v. Ins. Co. of N. Am.*, 245 S.E.2d 287, 288 (Ga. 1978)).  "When the claim is for breach of contract, Georgia law provides that 'the statute of limitations runs from the time the contract is broken and not from the time the actual damage[] results or is ascertained.'"  *Id.* (alteration in original) (quoting *Space Leasing Assocs. v. Atl. Bldg. Sys., Inc.*, 241 S.E.2d 438, 441 (Ga. Ct. App. 1977)); *see also Mobley v. Murray Cnty.*, 173 S.E. 680, 684 (Ga. 1934) (same).  In other words, the statute of limitations runs from the date suit can first be brought.  *Koncul Enters.*, 630 S.E.2d at 570.

Under Georgia law, "[t]he tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff."  *Coe v. Proskauer Rose, LLP*, 314 Ga. 519, 528 (Ga. 2022) (quoting *Bowden v. Med. Ctr., Inc.*, 845

S.E.2d 555, 563 n.10 (Ga. 2020)).  Similar to a breach of contract, a cause of action for fraud accrues from the first day that the action could have been successfully maintained.  *See id*.; *Colormatch Exteriors v. Hickey*, 569 S.E.2d 495,497 (Ga. 2002).

Here, the district court did not err by finding that each of Thierry's claims were barred by the four-year statute of limitations because his complaint establishes that each of his claims accrued before July 3, 2018.  While Thierry has argued on appeal that the parties' contract was breached in July 2018, he alleged in his complaint that the terms of the contract were that Honey Pot would, after it received the full $3 million in funding: (1) adequately compensate him for all services he rendered; (2) offer him full-time employment; and (3) award him equity in Honey Pot.  Once that contract was broken—*i.e.*, once Honey Pot secured funding and failed to follow through on those promises—Thierry's claim accrued and the statute of limitations began running.  *Hall*, 880 F.2d at 398; *Space Leasing Assocs.*, 241 S.E.2d at 441; *Mobley*, 173 S.E. at 684.  The exhibits Thierry attached to his complaint established that Honey Pot secured an investor sometime in June 2018.

While Thierry now argues that his conversations with Gray in July 2018 established a July 5, 2018, performance date, that allegation was not the basis for the breach of contract claim he pled in his complaint.  *See Irving v. Mazda Motor Corp.*, 136 F.3d 764, 769 (11th Cir. 1998) (cautioning that "[w]e cannot allow [litigants] to argue a different case [on appeal] from the case [they] presented to the district court").  In any event, the conversations between

Thierry and Gray are beside the point, as even if Thierry's and Gray's negotiations constituted another breach of the contract, the "face of the complaint" establishes that Thierry first could have brought suit for breach of the contract when the investor was obtained, during June 2018, outside the statute of limitations. *See Henco Holding*, 985 F.3d at 1296; *Hoffman*, 245 S.E.2d at 288 ("The statute of limitation[s] begins to run . . . on the date that suit on the claim *can first be brought*." (emphasis added)). We therefore affirm the dismissal of Thierry's breach of contract claim.

As to Thierry's *quantum meruit*, unjust enrichment, and promissory estoppel claims, the statute of limitations had run before Thierry's suit as well. Just as with his breach of contract claim, "'the date of accrual [for an unjust enrichment claim] is the time when the plaintiff could first have maintained his action to a successful result,' not necessarily at the time the benefits were conferred." *Renee Unlimited, Inc. v. City of Atlanta*, 687 S.E.2d 233, 238 (Ga. Ct. App. 2009) (quoting *Engram v. Engram*, 463 S.E.2d 12, 15 (Ga. 1995)). In other words, the accrual date for these equitable claims was the same as the accrual date for the breach of contract claim and the facts in the amended complaint that justify our conclusion that Thierry could have brought his breach of contract claim during June 2018 justify the same conclusion for his equitable claims. In addition, exhibits to Thierry's amended complaint show that he began inquiring about his start date in June 2018, further suggesting that he knew that Honey Pot had reneged on its promises before July 3, 2018, as well. *See Mills v. Barton*, 422 S.E.2d 269, 270-71 (Ga. Ct. App. 1992) (finding claims subject to statute of

limitations in O.C.G.A. § 9-3-25 to accrue at the time the non-breaching party requested repayment).

Thierry's amended complaint also shows that his fraud claim was brought outside the statute of limitations. In this claim, Thierry alleged that he relied on representations related to the benefits he would receive after an investor was secured. Once Honey Pot secured funding and Thierry failed to obtain those benefits he was promised, all the elements of fraud were present, and Thierry could have sued. *Coe*, 314 Ga. at 528. Moreover, as we mentioned, Thierry began inquiring about his start date in June 2018, which shows that he knew or should have known that Honey Pot had reneged on its promises before July 3, 2018. *See Anthony*, 697 S.E.2d at 175-76; O.C.G.A. § 9-3-96. Accordingly, the district court did not err in concluding that the statute of limitations had run on Thierry's claims.[4]

As to Thierry's arguments that the district court's procedural rulings were error, we conclude that, because Thierry's suit was barred by the statute of limitations, any procedural errors were harmless. *See Equal Emp't Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1322–23 (11th Cir. 2019) (explaining that we do not reverse on the basis of harmless error).

---

[4] Because we affirm the dismissal of Thierry's substantive claims, he could not recover attorney's fees and expenses either.

Finally, we address Thierry's challenges to the denial of his motion for reconsideration.[5]  Thierry argues that the evidence submitted in his motion for reconsideration established that his claims were not time-barred.  A motion for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).  The district court did not abuse its discretion in rejecting Thierry's motion for reconsideration.  Thierry did not show, and does not show on appeal, why he could not have presented the arguments and evidence in his motion for reconsideration before the district court

---

[5] We have jurisdiction over Thierry's appeal, even to the extent that he challenges the district court's denial of his motion to reconsider its prior ruling, which was entered after he filed his notice of appeal. *See Frulla v. CRA Holdings, Inc.*, 543 F.3d 1247, 1250 (11th Cir. 2008) ("[W]e are obligated to address jurisdictional questions *sua sponte*.").  Generally, when a post-judgment motion for reconsideration is pending at the time an appeal is taken, an "appealing party is required to file a separate notice of appeal or amend its original notice to designate the motion as subject to appeal" after the reconsideration motion is denied.  *Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1271 (11th Cir. 2013); *see also* Fed. R. App. P. 4(a)(4)(B)(ii).  In any event, we construe Thierry's "Motion for Permission to Appeal In Forma Pauperis," filed after the district court denied the motion for reconsideration, as a timely amended notice of appeal, as it specifically expresses an intent to appeal and serves the functional equivalent of such a notice.  *See Rinaldo v. Corbett*, 256 F.3d 1276, 1278-80 (11th Cir. 2001); *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1472 (11th Cir. 1984) (construing a motion to proceed *in forma pauperis* as a proper notice of appeal).  We therefore address Thierry's challenges to the order denying his motion for reconsideration.

had entered judgment. *Id.* Therefore, there was no abuse of discretion.

### IV. CONCLUSION

For the reasons provided above, we affirm the dismissal of Thierry's suit and the denial of his motion for reconsideration.

**AFFIRMED.**